# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No.: 11md2286-MMA-MDD<br>Member Case Nos.: 15cv1479-MMA-MDD and 15cv2282-MMA-MDD<br><br>**ORDER DENYING PLAINTIFF BASHAM'S MOTION TO COMPEL DISCOVERY**<br><br>**[ECF No. 721]** |

Plaintiff Angela Basham ("Basham") in member case numbers 15cv1479-MMA-MDD and 15cv2282-MMA-MDD moves to compel Midland[1] to supplement certain discovery responses. (ECF No. 721). Midland opposes Basham's motion and moves to strike certain pages from her motion that it contends violate the protective order. (ECF No. 732).

Pursuant to the Court's September 5, 2018 Order, Midland was required to produce certain "Plaintiff-specific information," including a list of

---

[1] The Court refers to all Defendants in this case as "Midland."

calls made to Basham on the accounts identified to cellular telephone numbers identified by Basham, account notes or other records relating to Basham's account, and any consent evidence currently in Midland's possession. (ECF No. 608 at 4). Basham contends that Midland's production of such information was insufficient.

Specifically, Basham avers that: (1) the call log produced by Midland to Basham was incomplete because it "included only a partial list of telephone calls, missing years" and it "had many sequencing errors"; (2) the documents produced by Midland to Basham contained 31 pages that were either blank or contained only a header; (3) the documents produced by Midland contained some redactions; and (4) Midland did not provide employee names and contact information "of each person who had any involvement in any effort on behalf of defendant to collect or attempt to collect the debt which forms the basis of [Basham's] action and the nature of any such involvement undertaken by such person in behalf of defendant." (ECF No. 721 at 5, 8-9).

Midland opposes Basham's motion, contending: (1) it produced a call log to Basham showing 39 calls to the numbers provided by Basham and there are no other calls in it's records; (2) the blank pages are separator pages and the pages containing headers and footers are not missing any information; (3) the redactions are protected by the attorney-client privilege or work product doctrines, or are covering highly confidential and irrelevant financial information; and (4) Midland is not required to produce individual discovery, such as the names and contact information of employees involved in attempting to collect Basham's debt. (ECF No. 732 at 2-6). Further, Midland argues Basham violated the protective order by not filing documents under seal that were designated as "CONFIDENTIAL" or "ATTORNEYS EYES ONLY." (*Id.* at 6). To remedy this error, Midland asks the Court to strike

pages 12 through 20 and 32 through 34 of Basham's motion. (*Id.*).

Upon due consideration, the Court finds that Midland has sufficiently shown the call log is complete, the blank pages and pages containing only headers and footers are not missing any data or information, and that the redactions are appropriate. Further, Midland is correct that Basham's request for employee names and contact information are outside the scope of discovery in this multi-district litigation ("MDL"). (*See* ECF No. 608 at 6). The Court explained that other than the discovery set forth in its September 5, 2018 Order, "no discovery is permitted at this time in connection with . . . any member case in this MDL or any related case." (*Id.* at 6).

Accordingly, the Court **DENIES** Basham's motion. In addition, the Court **STRIKES** ECF pages 12 through 20 and 32 through 34 of Basham's motions (11md2286-MMA-MDD, ECF No. 721 at 12-20, 32-34; 15cv1479-MMA-MDD, ECF No. 41 at 12-20, 32-34; and 15cv2282-MMA-MDD, ECF No. 45 at 12-20, 32-34) pursuant to the protective order in this MDL. (ECF No. 609).

**IT IS SO ORDERED**.

Dated: December 20, 2019

Hon. Mitchell D. Dembin
United States Magistrate Judge