UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11-md-2286-MMA (MDD)<br><br>Member Case Nos.<br>    15-cv-1479-MMA (MDD);<br>    15-cv-2282-MMA (MDD)<br><br>**ORDER DENYING PLAINTIFF BASHAM'S MOTION TO ADD EXHIBITS, FOR LEAVE TO FILE AN AMENDED COMPLAINT, AND TO REMAND CASE TO TRANSFEROR COURT**<br><br>[Doc. No. 52 in 15-cv-1479-MMA (MDD)]<br><br>[Doc. No. 51 in 15-cv-2282-MMA (MDD)] |

    Member Plaintiff Angela Basham ("Basham"), proceeding pro se, has filed a motion in her two member cases within this multidistrict litigation (MDL). *See* Doc. No.

1

52.[1]  Basham makes three requests in her motion: (1) "to add previously submitted exhibits, given to the court in January of 12 2020, but rejected due to no attached motion, but retained by the court"; (2) "for leave of 30 days to file amended complaint"; and (3) to remand her non-Telephone Consumer Protection Act ("TCPA") causes of action back to the Eastern District of Missouri.  *Id.* at 1.  Defendants Midland Funding LLC, Midland Credit Management, Inc., and Encore Capital Group, Inc. (collectively, "Defendants") oppose Basham's motion.[2]  *See* Doc. No. 54.  The Court found the matter suitable for determination on the papers and without oral argument pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7.1.d.1.  *See* Doc. No. 55.  For the reasons set forth below, the Court **DENIES** Plaintiff Basham's motion.

## I. BACKGROUND

Originating in 2011, the MDL comprises several dozen individual member cases alleging that Defendants violated the TCPA.  *See* Doc. No. 1 at 1.  Specifically, member Plaintiffs aver that Defendants placed debt collection calls to member Plaintiffs' cell phones using an automated system but without the debtors' consent.  *See id.*; Doc. No. 571 at 1.  Basham is one of the member Plaintiffs within this MDL.  She makes three requests in her motion that boil down to amending her complaint and remanding her non-TCPA claims to the originating transferor court   The Court addresses each of Basham's three requests in turn.

## II. DISCUSSION

---

[1] All citations to electronically filed documents refer to the pagination assigned by the CM/ECF system.  Because Basham has filed an identical motion in both member cases and Defendants responded to each, all docket references refer to the docket of 15-cv-1479-MMA (MDD) unless otherwise noted.  In the one instance the Court refers to the main MDL docket, the Court cites to that docket as "MDL Doc."

[2] Basham attempted to file a reply brief, but the Court issued a notice of document discrepancy and rejected the document.  *See* Doc. No. 56.  The Court instructed Basham to adhere to the district's filing instructions.  *See id.*  To date, Basham has not filed a reply brief properly.

First, Basham moves "to add previously submitted exhibits, given to the court in January of 12 2020, but rejected due to no attached motion, but retained by the court." Doc. No. 52 at 1.  She seeks "to add these documents to her petition, as they are the evidence of her claims in her petition." *Id.* at 2.  Defendants respond that the Court should deny the request because "[i]t is not clear from the motion what the exhibits are, what they are in reference to, or what the basis is for submitting them to the Court." Doc. No. 54 at 2.

The Court agrees that Basham's request is unclear; however, it seems she refers to a notice and order regarding a document discrepancy issued on February 13, 2020, *see* Doc. No. 46.  If the document was rejected by the Court on discrepancy, then the document was not filed and is not part of the docket.  *See* CivLR 5.1(f) ("[T]he clerk must not file any document which does not comply with the requirements of these rules.").  Even if the documents were properly filed and before the Court, Basham cites to no authority and makes no showing why or how the exhibits should be added to her operative member case Complaint.  To the extent her request is duplicative of her request for leave to amend her Complaint, the Court addresses that argument below.  Accordingly, the Court **DENIES** Basham's request to add her previously submitted exhibits to her Complaint.

Second, Basham moves "for leave of 30 days to file amended complaint." Doc. No. 52 at 1.  She seeks to amend her Complaint to "add exhibits and facts that pertain to her case found after her petition was filed and amended in the State of Missouri." *Id.* at 2. Defendants respond that the Court should deny the request.  *See* Doc. No. 54 at 2. They argue that Basham's motion fails to state what claims she wishes to add or why they were not added sooner and, further, fails to show good cause.  *Id.*  Moreover, Defendants note that Basham failed to comply with Local Rule 15.1 by not accompanying her motion with the proposed amended pleading or a version that shows how it differs from the operative pleading.  *Id.*

Basham contends that she "wishes to amplify her original petition with further evidence." Doc. No. 52 at 2. However, Basham fails to detail how she seeks to "amplify" her Complaint: she fails to state what claims, parties, or allegations she wishes to add. She further fails to explain why she seeks leave to amend now despite filing her operative amended Complaint more than five years ago on March 25, 2015. Overall, without further information, Defendants cannot fairly raise a futility argument, and the Court cannot assess the propriety of her motion. *See Nunes v. Ashcroft,* 375 F.3d 805, 808 (9th Cir. 2004) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)) ("In assessing the propriety of a motion for leave to amend, we consider five factors: (1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint."). Moreover, as Defendants point out, Basham did not comply with Civil Local Rule 15.1(b). The Local Rules require the following:

> Any motion to amend a pleading must be accompanied by: (1) a copy of the proposed amended pleading, and (2) a version of the proposed amended pleading that shows---through redlining, underlining, strikeouts, or other similarly effective typographic methods---how the proposed amended pleading differs from the operative pleading. If the court grants the motion, the moving party must file and serve the amended pleading.

CivLR 15.1(b). Basham has neither supplied a copy of her proposed amended pleading nor a version of her proposed amended pleading that shows how the proposed amended pleading differs from her operative pleading. Accordingly, the Court **DENIES** Basham's motion for leave to amend her Complaint.

Third, Basham moves to remand her non-TCPA causes of action back to the Eastern District of Missouri. *See* Doc. No. 52 at 1. Basham states that "she did not realize that this court was not ruling on the FDCPA violations, but was advised by Defendants that this court only rules on TCPA violations, and needed to remand to Missouri." *Id.* at 2. Defendants respond that the Court should deny the request because

Basham's Complaint is complicated and contains several overlapping claims. Doc. No. 54 at 2. They assert that severing her case into two separate actions would not make sense. *Id.*

On March 6, 2018, the Court stayed "all non-TCPA causes of action in all member cases pending remand of those cases to their original districts or resolution of this MDL." MDL Doc. No. 571 at 2. Basham has not persuaded the Court why it should lift the stay on her member cases despite the stay that would remain on every other member case with non-TCPA claims. Moreover, Basham fails to explain the possible damage or inequities that may result from the continued stay or how the stay interferes with judicial efficiency. *Cf. Lockyer v. Mirant Corp.*, 398 F.3d 1098, 1110 (9th Cir. 2005) (quoting *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962)). The Court finds that lifting the stay and suggesting remand of Basham's non-TCPA claims would complicate or duplicate issues through having two separate actions occurring simultaneously with interrelated claims. *Cf. CE Res., Inc. v. Elite Continuing Educ., Inc.*, No. 2:15-01908 WBS AC, 2016 WL 3653446, at *1 (E.D. Cal. July 6, 2016) (quoting *Digital Software Servs., Inc. v. Entm't Programs, Inc.*, No. 2:09-cv-02763-TLN-DAD, 2014 WL 5816929, at *3 (E.D. Cal. Nov. 7, 2014)) ("The court may lift the stay '[w]hen circumstances have changed such that the court's reasons for imposing the stay no longer exist or are inappropriate.'"); *In re Silica Prod. Liab. Litig.*, 398 F. Supp. 2d 563, 668 (S.D. Tex. 2005) (quoting *In re Heritage Bonds Litig.*, 217 F. Supp. 2d 1369, 1370 (J.P.M.L. 2002)) ("Remand is inappropriate . . . when continued consolidation will 'eliminate duplicative discovery, prevent inconsistent pretrial rulings, and conserve the resources of the parties, their counsel and the judiciary.'"). Accordingly, the Court **DENIES** Basham's motion to remand her non-TCPA claims back to the transferor court.

/ / /
/ / /
/ / /
/ / /

## III. C<small>ONCLUSION</small>

For the foregoing reasons, the Court **DENIES** Plaintiff Basham's motion. The Court **DIRECTS** the Clerk of Court to docket this order only on Basham's member case dockets: 15-cv-1479-MMA (MDD) and 15-cv-2282-MMA (MDD).

**IT IS SO ORDERED**.

Dated: October 30, 2020

HON. MICHAEL M. ANELLO
United States District Judge