# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IN RE: MIDLAND CREDIT MANAGEMENT, INC., TELEPHONE CONSUMER PROTECTION ACT LITIGATION | Case No. 11-md-2286-MMA (MDD)<br><br>Member Case Nos.<br>    15-cv-1479-MMA (MDD);<br>    15-cv-2282-MMA (MDD)<br><br>**ORDER DISMISSING DUPLICATIVE MEMBER CASE** |

In the process of suggesting remand of pro se member Plaintiff Angela Basham's ("Plaintiff") claims, the Court detected an administrative discrepancy stemming from the transfer of her member case to this Court in 2015. Plaintiff filed a single civil action in the transferor court, the U.S. District Court for the Eastern District of Missouri: *Basham v. Midland Funding, LLC*, No. 4:15-cv-30-CDP (E.D. Mo.) (the "Missouri action"). However, upon transfer to this Court for consolidation within this multidistrict litigation ("MDL"), the Missouri action was assigned two distinct member case numbers resulting in the Clerk of Court opening two separate civil actions: *Basham v. Midland Funding, LLC*, No. 15-cv-1479-MMA (MDD) (S.D. Cal.) and *Basham v. Midland Funding, LLC*, No. 15-cv-2282-MMA (MDD) (S.D. Cal.) (collectively, the "member cases"). Both member cases before this Court trace to the Missouri action. The Court finds that one of

the member cases must be dismissed to resolve the administrative discrepancy and to avoid a duplicative action from proceeding.

Plaintiff filed the Missouri action in Missouri state court in November 2014. *See* Dkt. 15-cv-2282, Doc. No. 1-1 at 2.[1] In January 2015, Defendants removed the action to the U.S. District Court for the Eastern District of Missouri. *See* Dkt. 15-cv-2282, Doc. No. 1 at 1–2. On June 22, 2015, Defendants filed a notice of a tag-along action and requested that the Panel transfer the Missouri action and consolidate it within this MDL. *See* JPML No. 2286, Doc. No 616. On June 25, 2015, the Panel issued a conditional transfer order for the Missouri action, set a deadline for filing oppositions, and stayed the transmittal of the order pending any opposition and further order of the panel. *See* JPML No. 2286, Doc. Nos. 625, 626. On July 6, 2015 and after finding that no party filed an objection, the Panel finalized the conditional transfer order and lifted the stay. *See* JPML No. 2286, Doc. No. 628. Pursuant to the Panel's order, the Panel transferred the Missouri action to this district; the Clerk of Court processed the transfer by opening a new member case in this district and assigning the Missouri action case number 15-cv-1479-MMA (MDD). *See* Dkt. 15-cv-1479, Doc. No. 31.

On July 14, 2015, Plaintiff filed a notice of opposition to the Panel's conditional transfer order and noted that she did not receive the Panel's notice for filing an opposition until after the deadline. JPML No. 2286, Doc. No. 635 at 1. The Panel deemed Plaintiff's opposition as timely, reinstated the stay of its June 25 conditional transfer order, and set a briefing schedule. JPML No. 2286, Doc. Nos. 636, 638. The Panel's order was docketed in case 15-cv-1479-MMA (MDD) to indicate the stay and subsequent briefing. *See* Dkt. 15-cv-1479, Doc. No. 33.

---

[1] All citations refer to the pagination assigned by the CM/ECF system. The Court cites to the docket of case 15-cv-1479-MMA (MDD) as "Dkt. 15-cv-1479, Doc. No." and of case 15-cv-2282-MMA (MDD) as "Dkt. 15-cv-2282, Doc. No." The Court cites to the docket of the Judicial Panel on Multidistrict Litigation ("Panel" or "JPML") as "JPML No. 2286, Doc. No."

On October 13, 2015, the Panel found the Missouri action proper for transfer to this Court as part of the MDL. *See* JPML No. 2286, Doc. No. 714. Pursuant to the Panel's order, the Panel once again transferred the Missouri action to this district; the Clerk of Court processed the transfer by opening another new member case and assigning the Missouri action a second case number: 15-cv-2282-MMA (MDD). *See* Dkt. 15-cv-2282, Doc. No. 36.

Until December 2019, both member case dockets remained inactive except for occasional filings that pertained to the overall MDL. In December 2019, Plaintiff filed a motion—which listed both member case numbers in the caption—which the Magistrate Judge addressed on both dockets. *See* Dkt. 15-cv-1479, Doc. Nos. 40, 41, 43, 44; Dkt. 15-cv-2282, Doc. Nos. 44, 45, 47, 48. The dockets of the member cases diverged January 2020 through June 2020: there are several discovery-related discrepancy orders that only appear on the docket of member case number 15-cv-1479-MMA (MDD). *See* Dkt. 15-cv-1479, Doc. Nos. 45–49. Since July 2020, the dockets of the member cases reflect identical filings. *See* Dkt. 15-cv-1479, Doc. Nos. 50–57; Dkt. 15-cv-2282, Doc. Nos. 49–56.

Courts possess the inherent power to "to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Between federal courts, "the general principle is to avoid duplicative litigation." *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976); *see also Kaye v. Superior Court of California*, No. SA CV 18-01520 JLS (AFM), 2018 WL 4372675, at *1 (C.D. Cal. Sept. 11, 2018). Thus, "a district court may exercise its discretion to control its docket by dismissing a duplicative, later-filed action." *Kaye*, 2018 WL 4372675, at *1 (citing *Adams v. California Dep't of Health Servs.*, 487 F.3d 684, 688 (9th Cir. 2007)).

The Court recognizes that having two member cases with an identical underlying action was an administrative error and not the fault of the parties. Having identified this mistake, the Court finds that one of the member cases should be dismissed. The first

member case should be dismissed as duplicative—rather than the second—because the record of the second member case accurately reflects the procedural history regarding the transfer of the Missouri action from the Eastern District of Missouri.

Accordingly, to resolve the administrative error of maintaining two MDL member cases for the same underlying action, the Court **DISMISSES** member case 15-cv-1479-MMA (MDD) **without prejudice** and **DIRECTS** the Clerk of Court to close that case. Subsequent to the issuance of this order, no further documents will be accepted for filing in member case 15-cv-1479-MMA (MDD).

As previously noted, the second member case's docket lacks several documents that are only found on the first member case's docket.  *See* Dkt. 15-cv-1479, Doc. Nos. 45–49.  The Court finds these items should be filed on the second member case's docket to preserve the complete record of these proceedings.  Accordingly, the Court **DIRECTS** the Clerk of Court to file document numbers 45 through 49 from the docket of member case 15-cv-1479-MMA (MDD) onto the docket of member case 15-cv-2282-MMA (MDD), nunc pro tunc to the original filing date of each document.

The Court further **DIRECTS** the Clerk of Court to docket this order only on the member case dockets: 15-cv-1479-MMA (MDD) and 15-cv-2282-MMA (MDD).

**IT IS SO ORDERED**.

Dated: November 20, 2020

_____
HON. MICHAEL M. ANELLO
United States District Judge